Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* TAMIKA MCLEMORE
and the Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TAMIKA MCLEMORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EVERALBUM, INC., a Delaware corporation<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1.     Plaintiff Tamika McLemore ("McLemore" or "Plaintiff") brings this Class Action Complaint against Defendant Everalbum, Inc. ("Everalbum" or "Defendant") to stop Defendant's practice of sending unsolicited text messages to cellular telephones and to obtain redress for all persons injured by its conduct. Plaintiff McLemore for her Class Action Complaint alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

2.      Plaintiff McLemore is a natural person and citizen of the State of South Carolina. Plaintiff resides in Columbia, Richland County, South Carolina.

3.      Defendant Everalbum, Inc. is a corporation incorporated and existing under the laws of the State of Delaware whose primary corporate headquarters is located at 1 Letterman Drive, Suite C3500, San Francisco, California 94129. Everalbum does business throughout the United States, including in the State of California and this District.

**JURISDICTION & VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") a federal statute.

5.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is registered to do business in the State of California, regularly conducts business in the State of California and in this District, its corporate headquarters is located in this District, its registered agent for service is located in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District. Likewise, the decisions that lead to the sending of the text messages at issue in this complaint were made in and emanated from this District.

**COMMON ALLEGATIONS OF FACT**

A.      **Bulk SMS Marketing**

6.      In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk messages cheaply.

7.      Bulk text messaging, or SMS marketing, has emerged as a new and direct method of communicating and soliciting consumer business. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular

1    telephones to send and receive short text messages, usually limited to 160 characters. An SMS

2    message is a text message call directed to a wireless device through the use of the telephone

3    number assigned to the device.

4          8.      When an SMS message call is successfully made, the recipient's cellular telephone

5    rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile

6    and are frequently carried on their owner's person, calls to cellular telephones, including SMS

7    messages, may be received by the called party virtually anywhere worldwide and instantaneously.

8         **B.**      <u>**Defendant Transmits Text Messages to Consumers Who Do Not Want Them**</u>

9          9.      Everalbum offers an app-based photo storage and backup service. The basic

10    service is free to end users, but Everalbum offers a variety of add-ons and upgrades for a fee.

11         10.      Such upgrades include "Everalbum Plus," which offers unlimited backup.

12    Everalbum Plus is $9.99/month for a monthly subscription and $8.33/month for a yearly

13    subscription.

14         11.      Everalbum's app is also called Everalbum (the "Everalbum App" or the "App").

15         12.      In order to increase its user base and bolster consumer adoption, Defendant uses

16    deceptive growth hacking tactics. Specifically, Defendant seeks access to a user's entire address

17    book in return for the user receiving 1 gigabyte of storage per invite sent to each contact.

18         13.      As part of the signup process, each user is given the option of receiving "free

19    storage," in return for inviting their friends to the app. A screen appears with the user's entire

20    address book *pre-selected* with a single blue button stating "Get Free Storage." If the user selects

21    "Get Free Storage," their entire address book is submitted to Everalbum's server, and Everalbum

22    will then text-message every contact in the user's address book with a link to download the App.

23    If a user does not want his or her entire address book sent a text message, s/he will need to

24    manually deselect each contact or find the 'deselect all' button which is intentionally greyed out

25    and does not look like a button. Alternatively, a user can select "Not Now," which also does not

26    appear like a button and is intentionally deselected, greyed out, and does not appear prominently

27

28

1    as an option. Also, the method for how Everalbum will invite members from the user's address

2    book is not clear and conspicuous: the method for sending invites via SMS is not clearly

3    displayed and the user is not given an option whether to send the invites by email or text message.

4    Nor is the user given control over who will send the text messages. The disclosure that the invite

5    will be sent "Via SMS" is intentionally obscured and appears on the same line as all of the

6    contacts and in the same font so as to be unnoticeable to the average user. Additionally, it is

7    unclear whether the text messages will be generated from the user's own phone number of from

8    Everalbum. Ultimately, the texts are generated by Everalbum to the members in the address book.

9         14.    Everalbum's sign up page appears generally as in the figure below:



23        15.    Everalbum's tactics have resulted in a torrent of negative complaints as user's are

24   complaining that their address book was exposed, and all users were subject to text messages

25   without their consent as Everalbum sent the text messages.

26        16.    The Everalbum App has the capacity to send text messages. Such text messages

can be sent to any cellular telephone number, regardless of whether the recipient is a user of the Everalbum App.

17.   Defendant Everalbum sends text messages from a variety of local numbers.

18.   In sending these text messages, Defendant took no steps to acquire the oral or written prior express consent of Plaintiff or the other members of the Class who received the unsolicited text messages.

19.   Defendant sent, or had sent on its behalf, the same (or substantially the same) text messages *en masse* to thousands of cellular telephone numbers throughout the United States.

20.   In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of sending numerous text messages simultaneously (all without human intervention).

21.   Defendant was and is aware that these above described text messages were and are being made without the prior express consent of the text message recipients.

22.   The following sample of consumer complaints regarding autodialed and/or unsolicited text messages evidences Everalbum's practice of knowingly placing autodialed calls to non-consenting cellular telephone owners:

- "The text said that a woman named Carolyn McEachern gave me access to view photos on Everalbum and gave me a link to a website. I have never heard of this woman or this site and have no idea what photos would be on there."[1]

- "I received the same text message as Pam however, it was a man's name they used stating he granted me access to use Everalbum. I did not open it or click on the link."[2]

- "Spam text messages to mobile phone: "G. Lucian Ward-Hollis gave you access to

---

[1] http://800notes.com/Phone.aspx/1-650-667-8054
[2] *Id.*

view photos on Everalbum. Click here:"[3]

- "Text message from a suspect phone number using a real person's name--mostly likely he was hacked. The message reads, "[real name] gave you access to view photos on Everalbum. Click here: [suspect link]."

  The person whose name appears is real--someone I know--but the phone number is not his. And it is someone who would never, ever text me!"[4]

- "Text from this unknown number that say Robert Hampton gave me access to view photos on everalbum. I have no idea who this is. This is a scam for sure because I don't do social media at all and dont download apps."[5]

- Got this text message:

  Fitzgerald Vick gave you access to view photos on Everalbum. Click here: http://app.ever.pics/Uldk/avzZ9yjtlv

  I do not know this person.[6]

- "Received TEXT from this number:

  "Thomas Morse recommends you check out your photos on Everalbum. Click here: http://app.ever.pics/Uldk/9IsBGAIFUv"

  No clue who this is![7]

- Reviews from the Apple App Store:

- Invasive: elearningfun – Sep 5, 2016 "My friend downloaded the app and gave it access to her contacts, but without any further warning the app texted every single person on her phone contacts. Talk about embarrassing – people texted her back all day asking if her phone was hacked…"

- NO way LDoug7 – Sep 6, 2016: "No way I'm downloading an app that wants access to all the photos on my phone. It's shady how I received a link from someone to view their pictures, but the only way to view them would be to give the app access to download all my pics. I don't think so. I would give them zero stars, but there wasn't an option for that. INVASION OF PRIVACY!"

- No thanks Ashley NC07 – Sep 6, 2016 "This app wants to much access to personal accounts, as well as wanting to charge my Apple account automatically for the Plus version that I never wanted. I'd rather be out of storage, than have an invasive app."

---

[3] http://800notes.com/Phone.aspx/1-650-667-8010
[4] *Id.*
[5] http://800notes.com/Phone.aspx/1-314-294-9291
[6] http://800notes.com/Phone.aspx/1-720-613-5866
[7] http://800notes.com/Phone.aspx/1-561-257-4386

- This is a Scam!!! Datingonfire – Sep 5, 2016 "An unknown number sent texts to me stating people we know were asking us to download this app. It then accesses your information & continues to spam everyone!!!

- EverAlbum Nuisance Te_Ma_To – Sep 5, 2016 "If I could give zero starts I would. This app cause huge confusion among my contacts by sending a mass text to all of my contacts without my knowledge. The app attempts to gain more downloads by piggybacking off of my contacts and sending a text "invite to download," from my name/number, that I did not intend to send. This is highly unprofessional as it sends to ALL contacts – including work related contacts. Thereafter, I received multiple texts and emails with concern regarding the text and its similarity to a scam…"

**C.    Plaintiff's Experience with Defendant**

23.    Plaintiff registered her cellular telephone number with the National Do Not Call Registry on April 30, 2007, in order to stop receiving unsolicited telephone calls and text messages.

24.    On August 19, 2016, Plaintiff McLemore received an unsolicited text message from 857-453-8444, a number belonging to or controlled by Defendant, to her personal cellular telephone, purporting to alert Plaintiff that someone using the Everalbum App had uploaded photos using the Everalbum App and encouraging Plaintiff to download the Everalbum App.

25.    The August 19, 2016 text message from Defendant stated: "veronica Whiteside just recommended you check out your photos on Everalbum. Click here: http://app.ever.pics/Uldk/SchC7mfUXv"

26.    Below is a screenshot of the August 19, 2016 text message:



27.     If a user clicks on the link contained in the unsolicited text message, they will be forwarded to Everalbum's website where they will be invited to download the Everalbum App to view the purported pictures described in the unsolicited text message.

28.     The unsolicited text message sent by Defendant was not sent for an emergency purpose.

29.     The unsolicited text message was sent by Defendant via an ATDS.

30.     Defendant's use of an ATDS to send unsolicited text messages is clearly indicated by the generic wording and identical layout of those text messages, as shown in ¶ 25, *supra* and through the sign up process as the original user has no way of controlling the content of the text message being sent.

31.     At no time did Plaintiff McLemore consent to the receipt of text messages from Defendant, let alone provide prior oral or written express consent to Defendant.

32.     By sending the unsolicited text messages as alleged herein, Defendant has caused consumers actual harm. In the present case, a consumer could be subjected to many unsolicited text messages as the Defendant does not provide instructions or a mechanism to opt out.

33.     To redress these injuries, Plaintiff, on behalf of herself and a class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cellular telephones.

34.     On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who (1) received a text message from Defendant promoting Everalbum, (2) on his or her cellular telephone, (3) from the last four

years through present, (4) who provided prior express consent in the same manner as Defendant claims that Plaintiff provided such prior express consent.

36.    The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery regarding Defendant's use of an ATDS and the manner by which Defendant claims Plaintiff provided prior express consent.

37.    On information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

38.    There are several questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class members that may be answered in a single stroke include but are not limited to the following:

       a.    whether Defendant's conduct constitutes a violation of the TCPA;

       b.    whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Class;

       c.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

       d.    whether Defendant obtained prior express consent to contact any class members;

       e.    whether Everalbum's messages constitute telemarketing or were dual purpose messages, and

1       f.   to the extent Defendant's conduct does not constitute telemarketing,

2            whether Defendant obtained prior express oral consent to contact any class

3            members.

39.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class, including the annoyance and aggravation associated with such messages as well as the loss of data and the temporary inability to enjoy and use their cellphones, as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct of transmitting wireless spam. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct. Plaintiff, like other members of the Class, received unsolicited text messages from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of herself and all absent members of the Class.

40.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interest antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class or any actual conflict with other class members.

41.     The suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief. Specifically, injunctive relief is

1    necessary and appropriate to require Defendant to discontinue sending unsolicited and

2    unauthorized spam text messages to the public. Likewise, Defendant has acted (and continues to

3    act) on grounds generally applicable to the Plaintiff and the other members of the Class in

4    transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to

5    ensure compatible standards of conduct toward the members of the Class.

6           42.    In addition, this suit may be maintained as a class action under Federal Rule of

7    Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the

8    fair and efficient adjudication of this controversy. Absent a class action, most members of the

9    Class would find the cost of litigating their claims to be prohibitive, and will have no effective

10   remedy. The class treatment of common questions of law and fact is also superior to multiple

11   individual actions or piecemeal litigation in that it conserves the resources of the courts and the

12   litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are

13   applicable to all customers throughout the United States who received an unsolicited spam text

14   message from Defendant. The injury suffered by each individual class member is relatively small

15   in comparison to the burden and expense of individual prosecution of the complex and extensive

16   litigation necessitated by Defendant's conduct. It would be virtually impossible for members of

17   the Class individually to redress effectively the wrongs done to them. Even if the members of the

18   Class could afford such litigation the court system could not. Individualized litigation presents a

19   potential for inconsistent or contradictory judgments. Individualized litigation increases the delay

20   and expense to all parties, and to the court system, presented by the complex legal and factual

21   issues of the case. By contrast, the class action device presents far fewer management difficulties,

22   and provides the benefits of single adjudication, economy of scale, and comprehensive

23   supervision by a single court.

24          43.    Adequate notice can be given to the members of the Class directly using

25   information maintained in Defendant's records, including telephone numbers to which text

26   messages were sent, or, if necessary, through notice by publication.

27

28

**FIRST CAUSE OF ACTION**
**Violation of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff McLemore and the No Consent Class)**

44.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

45.     Defendant and/or its agent transmitted unsolicited text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

46.     These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

47.     Defendant failed to obtain any prior express written consent from Plaintiff McLemore and other called parties that included, as required by 47 C.F.R. § 64.1200(f)(8)(i) a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

48.     Defendant also fails to obtain any prior express oral consent of the persons receiving its text messages.

49.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to, under section 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

50.    In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## SECOND CAUSE OF ACTION
### (Using Automatic Dialing-Announcing Devices in Violation of Cal. Pub. Util. Code §§2871-2876 and California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200 *et seq*)

51.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52.    The foregoing acts and omissions of Defendants constitute numerous and multiple violating of Cal. Pub. Util. Code §§ 2871-2876. Defendant's equipment constitutes an automatic dialing announcing device and has the capability of storing numbers to be called. On information and belief, the text messages were sent and emanated from, or the decisions to send such messages were made in and emanated from, California. California has an interest in regulating telemarketers and other persons who use automatic dialing devices, or who decide to use automatic dialing devices, within its borders.

53.    Defendant sent the text messages without consent.

54.    Defendants' conduct set forth above is unlawful and in violation of the TCPA and its implementing regulations, as well as in violation of the California Public Utility Code. As such, Defendants have violated the Unfair Competition Law's "unlawful" prong with respect to the Class Members.

55.    Plaintiff and the Class members have suffered actual damages insofar as the calls interrupted their use and enjoyment of their phones, consumed data and battery life, and caused a decrease in the value of their cellphone contracts.

56.    Defendants should be enjoined from making such unsolicited telephone calls.

57.    Defendants should also be ordered to provide call recipients with an opt-out mechanism that does not result in charges to the consumer beyond normal, local call charges.

58.    Defendants should also be required to pay reasonable costs and attorneys' fees.

1   **WHEREFORE**, Plaintiff Tamika McLemore, on behalf of herself and the Class, prays for

2   the following relief:

3         1.     An order certifying this case as a class action on behalf of the Class as

4   defined above, appointing Plaintiff McLemore as the representative of the Class and appointing

5   her attorneys' as Class Counsel;

6         2.     A declaratory judgment declaring that Defendant's calls violated the

7   TCPA, that Defendant's equipment constitutes an automatic telephone dialing system under the

8   TCPA and an automatic dialing device under California's public utility code; and that Defendant

9   failed to obtain prior express written consent to call Plaintiff and the members of the Class;

10         3.     An award of actual and statutory damages to be paid into a common fund

11   for the benefit of the Class Members;

12         4.     Treble damages in the event the Court finds that Defendant has acted

13   knowingly and willfully;

14         5.     An injunction requiring Defendant and its agents to cease all wireless spam

15   activities, to honor do not call requests, and to provide a domestic number for opting out, and

16   otherwise protecting the interests of the Class;

17         6.     An injunction prohibiting Defendant from using, or contracting the use of,

18   an automatic telephone dialing system without obtaining, and maintaining records of, call

19   recipient's prior express written consent to receive calls made with such equipment;

20         7.     An award of reasonable attorneys' fees and costs; and

21         8.     Such further and other relief the Court deems reasonable and just.

22   **JURY DEMAND**

23        Plaintiff requests a trial by jury of all claims that can be so tried.

24   Dated: September 6, 2016         TAMIKA MCLEMORE, individually, and on behalf

25                          of all others similarly situated,

26

27

28

By:   /s/ Richard T. Drury
One of Plaintiff's Attorneys


Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)*
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
(Law@stefancoleman.com)*
Law Offices of Stefan Coleman, P.A.
201 S Biscayne Blvd., 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Counsel for Plaintiff and the Putative Class*

*pro hac vice* admission to be filed